FILED
CLERK

1/13/2026 3:19 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| The United States of America, | Docket #CR-25-291 (NJC) |
| Plaintiff, | |
| vs. | United States Courthouse |
|  | Central Islip, New York |
|  | November 19, 2025 |
| Gervin Vinicio Barrera-Perez, | 10:27 a.m. |
| Defendant. | |

...........................................................

**TRANSCRIPT OF STATUS CONFERENCE**
**BEFORE THE HONORABLE NUSRAT J. CHOUDHURY**
**UNITED STATES DISTRICT COURT JUDGE**

**APPEARANCES:**

| | |
|---|---|
| For The Plaintiff: | Megan E. Farrell, Esq.<br>U.S. Attorney's Office, EDNY<br>271 Cadman Plaza East<br>Brooklyn, NY 11201 |
| For The Defendant: | Tracey E. Gaffey, Esq.<br>Federal Defenders of New York<br>770 Federal Plaza<br>Central Islip, NY 11722 |
| Audio Operator: | |
| Transcribing Firm: | Writer's Cramp, Inc.<br>1027 Betty Lane<br>Ewing, NJ 08628<br>609-588-8043 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

2

THE CLERK:  Good morning.  This is 25-CR-291, <u>USA v. Gervin Vinicio Barrera-Perez</u>.  Counsel, please state your appearances for the record.

MS. FARRELL:  Megan Farrell for the Government.  Good morning, Your Honor.

THE COURT:  Good morning.

MS. GAFFEY:  And good morning, Your Honor.  Tracey Gaffey, Federal Defendants for Gervin Vinicio Barrera-Perez, who's also present in Court this morning.

THE COURT:  Good morning.  Good morning, Mr. Barrera-Perez.  I'll have Mr. Mobido (phonetic) swear in the interpreter before we proceed.

(NICOLAS PENCHASZADEH sworn to interpret Spanish into English)

THE CLERK:  Please state and spell your name for the record.

MR. PENCHASZADEH:  I'm Nicolas Penchaszadeh, P-E-N-C-H-A-S-Z-A-D-E-H.  Good morning.

THE COURT:  Good morning.  Thank you for your service, Sir.  So, Mr. Barrera-Perez, my name is Nusrat Choudhury, I'm the District Judge in your case.  This is the first conference before me in this criminal case.  If anything is said today that you need to have repeated or you don't understand for any reason, just let me know or let your attorney know and we will give you the information you need,

3

okay?

MR. BARRERA-PEREZ:  Yes.

THE COURT:  Okay.  Thank you so much.  So first, I'll describe what's happened in the case so far and the attorneys for both sides will let me know if I got anything wrong and then I'll hear about the current status of this case.

MR. BARRERA-PEREZ:  Okay.

THE COURT:  Thank you very much.  So on June 27th, 2025, the Government filed a sealedComplaint and affidavit in support of an arrest warrant for you for illegal reentry under Eight United States Code Section 1326(a).  Following your arrest on August 1st, 2025, Magistrate Judge Jim Wicks of this Court granted the Government's Motion to Unseal the case.

On that day, you were -- you appeared before Magistrate Judge Wicks as to the count on which you were arrested and you were informed of your rights.  Ms. Gaffey from the Federal Defenders was appointed to represent you.  You waived your right to a preliminary hearing and the judge entered an Order informing the Government of its obligations to disclose information favorable to you under Federal Rule of Criminal Procedure 5(f).  The judge also entered an Order of Detention and he ordered that time from August 1st, 2025 through August 29th, 2025, would be excluded from the speedy trial clock.

On September 25th, 2025, an Indictment was returned,

4

charging you with illegal reentry on or around February 9th, 2025.  And on October 3rd, 2025, you were arraigned on the count in the Indictment before Magistrate Judge Lee Dunst of this Court.  On that day, you pled not guilty to the count in the Indictment and Judge Dunst set a date for today's conference and ordered that time between October 3rd, 2025 and today be excluded under the speedy trial clock.  And he also entered another Order informing the Government of its responsibility to disclose information favorable to the Defense under Federal Rule of Criminal Procedure 5(f).

On November 13th, 2025, the parties submitted a joint status update to me about this case and it informed me that on October 2nd, 2025, the Government produced what's called discovery, which is information under Rule 16 of the Federal Rules of Criminal Procedure to you and your Counsel, and that those materials are being reviewed by the Defense.  And I was also informed that on October 28th, 2025, a grand jury returned a Superseding Indictment in a different case, United States versus Orean Aleman, at Docket #25-CR-209, which is before a different judge of this Court, Judge Gary Brown, charging you with certain offenses under federal laws.  And the report also updated me that you were arraigned on the charges in that Superseding Indictment in a different case before Magistrate Judge Anne Shields of this Court, and in that case you're being represented by separate court appointed

counsel than Ms. Gaffey who's representing you here in this case.  With that I'll ask Counsel for both sides, was my summary accurate?

MS. FARRELL:  Yes, Judge.

MS. GAFFEY:  Yes, Your Honor.

THE COURT:  Okay.  So, with respect to this action, this is the first status conference before me and I'd like to hear any updates about what the parties anticipate happening in this case.

MS. FARRELL:  Your Honor, at this time I don't have an update beyond what we included in the letter to the Court.  I've conferred briefly with Counsel.  In the past, in cases where we had two cases tracking particularly a racketeering case which is much more complicated than an illegal reentry case.  It is often the case that the illegal reentry is transferred to track and essentially follow the racketeering case while it's pending so that Mr. Barrera-Perez can appear once as opposed to twice on two separate cases.  But I understand Counsel just needs time to work through what they would like to do with her client.  And so I think that the exclusion that we're asking for will give Counsel and Defendant time to assess how they want to manage this case and the two cases.

THE COURT: Okay.

MS. GAFFEY:  That is correct, Your Honor.  I'm

conferring with my office in advance.  I'm sure in advance of our next date, we are going to make the decision whether or not we believe that there is a conflict and whether or not to ask that the case be transferred and we will keep Your Honor apprised as well.

THE COURT:  Okay.  Thank you.  I appreciate that. So, it does make sense to me to set a next conference date.  I understand that January 29th, 2026 at 11:00 a.m. is what works for Counsel --

MS. GAFFEY:  Yes.

THE COURT:  -- in this case and that Mr. Barrera-Perez would then come back here before me on that date and I would hear about what's happened over the last two months and what decisions have been made about this case and its relationship to the other case.  So that is fine.  I will set that as the next conference date.  I did want to note for the parties that it does not appear that time was excluded in this case from the speedy trial clock between August 29th, 2025 through October 3rd, 2025.  I don't see a record of that exclusion and that's fine.  So I'm just going to leave for the record that -- for purposes of this case, time was not excluded between August 29th, 2025 through October 3rd, 2025.

MS. GAFFEY:  I believe that is correct.

MS. FARRELL:  Sorry, Your Honor, I understand that there was a waiver excluding time and so our position is that

the Government has 30 days to invite the case and that that 30 days in combination with the waiver results in exclusion of 60 days.

THE COURT:  The waiver of the preliminary hearing?

MS. FARRELL:  No, the waiver -- basically waiver of Speedy Indictment.

THE COURT:  Where was that on the Docket?

MS. FARRELL:  Your Honor, it was a written waiver that was executed at the time of the arraignment on the Complaint.  I don't have a copy of it here.

THE COURT:  Okay.  So feel free to send me a follow up letter just outlining that.  I'm happy to --

MS. FARRELL:  That's fine.  I apologize.

THE COURT:  -- see whatever's on the record.  That's totally fine.  I may have missed it or it may not be on the Docket.  I just saw that Judge Wicks excluded time from August 1st to August 29th and then there was no further exclusion of time between August 29th and October 3rd.  And it may be that you're right that there was a different waiver that covers that time period.  Just wanted to clarify.  I know it's a little complicated with the two cases, but for purposes of this case, I'm happy to receive any written submission from the parties.  You can submit it jointly.  If the parties aren't in Agreement, the Government can file something and Defense can respond.

8

MS. FARRELL: Okay. That sounds good. Thank you, Judge. I apologize I don't have it to hand.

THE COURT: No problem at all. So I'll just ask that you provide that within two weeks. Is that enough time?

MS. FARRELL: Yes, it is, Your Honor. Thank you.

THE COURT: Okay. Great. So I understand that the parties are making a joint Motion to Exclude Time between today and January 29th, 2026 to permit the Defense to review the discovery, assess next steps and for the parties to then see if they have an Agreement as to a further Schedule in this case. Is that right, Ms. Farrell?

MS. FARRELL: It is, Your Honor.

THE COURT: Ms. Gaffey, anything you'd like to add?

MS. GAFFEY: No, Your Honor.

THE COURT: Okay. So, I concur that it is in the interest of justice to exclude that time and it is excluded from the date of today and January 29th, 2026. Anything further we need to discuss, Ms. Farrell?

MS. FARRELL: Nothing from the Government, Your Honor. Thank you.

MS. GAFFEY: Nothing further. Thank you very much, Your Honor.

THE COURT: Okay. Thank you. And Mr. Barrera-Perez, I hope you stay well and I will see you in January.

MR. BARRERA-PEREZ:  Okay.

THE COURT:  Thank you very much.

(Court adjourned)

CERTIFICATION
I, Lewis Parham, certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_Lewis Parham_                                          1/13/26

_____          _____
Signature of Transcriber                              Date